Supreme Court

In the Matter of George Philip.                    No. SU-2017-47-M.P.


O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure.  The respondent, George Philip, was admitted to the practice of law in this state on November 24, 1997, and is presently an active member of the bar.  He was also admitted to the practice of law in the Commonwealth of Massachusetts.

On January 12, 2016, a single justice of the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order disbarring the respondent from the practice of law in the Commonwealth effective February 12, 2016.  A certified copy of that order was forwarded to counsel on February 9, 2016.  Rule 14, entitled "Reciprocal discipline," provides, in pertinent part:

> "(a) * * * Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, Counsel shall obtain a certified copy of the disciplinary order and file it with the court."

On February 16, 2016, Disciplinary Counsel filed a copy of the order with this Court along with a petition requesting that we impose reciprocal identical discipline in this state.  On the following day, the respondent notified this Court and Disciplinary Counsel that he had filed an appeal to the full Supreme Judicial Court and that his appeal had been docketed. Accordingly, we issued an order to the respondent directing him to show cause why reciprocal

discipline should not be imposed in this state, but deferred his obligation to do so pending the resolution of his appeal.

On September 15, 2016, the respondent's appeal was dismissed due to his failure to timely file a brief and/or appendix. The respondent took no further action to pursue his appeal. We directed the respondent to appear before this Court at its conference on December 15, 2016, to show cause why identical reciprocal discipline should not be imposed. He appeared before us, pro se, and advised the Court that he had no objection to the imposition of identical reciprocal discipline. However, he requested that he be given a brief period of time to notify his clients and arrange for new counsel for them before any such order becomes effective.

The facts giving rise to the respondent's disbarment in the Commonwealth are briefly summarized as follows.[1] In late 2008, the respondent was involved in a group drive of automobile enthusiasts in Massachusetts. Tragically, the driver of the vehicle immediately in front of the respondent's vehicle struck and killed a pedestrian. The respondent was a potentially necessary witness in any future civil or criminal action that could ensue from this incident, and may also have been subject to possible civil liability due to his participation in the group drive.

Despite these glaring conflicts, the respondent offered to provide legal representation to the other driver, and failed to obtain his informed consent to the conflicts. The other driver was subsequently criminally charged for his actions leading to the death of the pedestrian. The respondent, who had limited experience representing defendants in criminal cases, provided woefully inadequate legal representation, including improperly advising the client and failing to timely obtain an opinion from an accident reconstruction expert. Moreover, the respondent made

---

[1] The facts were set forth in a memorandum prepared by the Board of Bar Overseers which Disciplinary Counsel appended to his petition for reciprocal discipline. The respondent did not contest the accuracy of that memorandum.

misrepresentations to the client regarding the nature of his legal fee, payments to the expert, and the payment of fees to co-counsel. The respondent intentionally misused approximately $17,500 that he had obtained on behalf of the client. He also entered into an improper business arrangement with this client relating to an agreement to repair and either lease or rent the client's car.

The Massachusetts Board of Bar Overseers and the Massachusetts Supreme Judicial Court concluded that the respondent's conduct violated a host of the Rules of Professional conduct, including, but not limited to Rules 1.1 (competence): 1.3 (neglect); 1.5 (excessive fees); 1.7 and 1.8 (conflicts); 1.15 (safekeeping client funds); and 8.4(c) (misrepresentation). Our review of the record supports those conclusions, and we concur with Disciplinary Counsel's recommendation that identical reciprocal discipline is warranted.

Accordingly, the respondent, George Philip, is hereby disbarred from the practice of law in this state, effective thirty days from the date of this order.

Entered as an Order of this Court this 7th day of February.

By Order,

_____/s/_____
Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of George Philip. | |
| **Case Number** | SU-2017-47-M.P. | |
| **Date Order Filed** | February 7, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A – Court Order | |
| **Judicial Officer From Lower Court** | N/A – Court Order | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>David D. Curtin, Esq.<br>Disciplinary Counsel | |
| | For Respondent:<br><br>George Philip, Pro Se | |